UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARL BROWN,

                              Plaintiff,

    v.

PAUL CHAPPIUS, JR., CRAIG DIEGO, STEPHEN
WENDERLICH, PAUL YOUMANS, JAMEY TAYLOR,
DANIEL STAIGHT, and KIRBY BUNNELL

                              Defendants.
_____

**DECISION AND ORDER**

**13-CV-105A(F)**

APPEARANCES:        CARL BROWN, *Pro Se*
                         01-A-0717
                         Upstate Correctional Facility
                         309 Bare Hill Road
                         P.O. Box 2001
                         Malone, NY 12953

                         ERIC T. SCHNEIDERMAN
                         Attorney General, State of New York
                         Attorney for Defendants
                         KATHLEEN M. KACZOR
                         Assistant New York Attorney General, of Counsel
                         Main Place Tower
                         350 Main Street
                         Buffalo, NY 14202

## JURISDICTION

      This case was referred to the undersigned on February 5, 2013, by Honorable Richard J. Arcara, for all pretrial proceedings. The matter is presently before the court on Plaintiff's Motions for Joinder (Doc. No. 36), filed December 2, 2013; to Compel (Doc. No. 37), filed December 5, 2013; to Amend and to Compel (Doc. No. 38), filed December 5, 2013; to Compel (Doc. No. 39), filed December 5, 2013; to Compel

Discovery (Doc. No. 40), filed December 5, 2013; to Compel (Doc. No. 41), filed December 5, 2013; for Discovery (Doc. No. 47), filed January 10, 2014; to Appoint Counsel (Doc. No. 48), filed January 10, 2014; and Plaintiff's Letter Motion for Discovery (Doc. No. 50), filed January 14, 2014.

## BACKGROUND and FACTS[1]

Plaintiff Carl Brown ("Plaintiff"), currently incarcerated at Upstate Correctional Facility, and proceeding *pro se*, commenced this § 1983 action on February 5, 2013, alleging violations of his federal civil rights based on events that occurred while Plaintiff was incarcerated at Elmira Correctional Facility ("Elmira"), and Southport Correctional Facility ("Southport"). Defendants are all current or former employees of the New York State Department of Corrections and Community Supervision ("DOCCS"). On July 25, 2013, Plaintiff filed an amended complaint (Doc. No. 34) ("Amended Complaint"), asserting claims for relief challenging conditions of his confinement including, failure to protect, denial of medical treatment, deprivation of food, deprivation of property, and retaliation for exercising his civil rights.

Plaintiff alleges that after being denied a shower by Corrections Officer ("C.O.") Morris ("Morris"), he filed a grievance. Amended Complaint at 10. In response to the grievance Morris told inmates and other C.O.s about Plaintiff's case, which Plaintiff maintains was the equivalent of an extortion threat. *Id.* Plaintiff wrote Defendant Superintendent of Elmira, Paul Chappius, Jr. ("Chappius"), a letter, indicating that a

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

number of inmates was threatening to extort him.[2] *Id.* at 5. Plaintiff believed that the inmates' threats stemmed from Plaintiff being incarcerated on a rape conviction and because his father is Barry Gordy, Jr., an alleged important figure in the rhythm and blues music business. *Id.* Plaintiff claims that Chappius violated his Eighth Amendment rights by allowing Morris to tell others about his case. *Id.* Plaintiff claims that it was this violation that resulted in him being stabbed by several inmates. *Id.*

In a second cause of action, Plaintiff alleges that although he notified Defendant Elmira Deputy Superintendent, Wenderlich ("Wenderlich") of the threats by other inmates in April and June of 2012, Wenderlich took no action in response to the threats against Plaintiff. Amended Complaint at 9. When Plaintiff was moved to the G-Block in Elmira he informed Defendant Sergeant Youmans ("Youmans") of the threats, but Youmans advised Plaintiff that he was too busy to assist Plaintiff with regard to the threats. *Id.* Two weeks later, Plaintiff told Defendant Sergeant Powers ("Powers") of the threats, but Powers did nothing in response to the threats. *Id.* Plaintiff notified Wenderlich of the threats two more times, but Wenderlich never responded to Plaintiff's notifications. *Id.* Plaintiff was stabbed eight times by inmates ("the stabbing incident")[3], while Defendants C.O. Bunnell ("Bunnell"), C.O. Taylor ("Taylor"), and C.O. John Doe ("Doe") observed. *Id.* Morris allegedly provided the inmates with the weapons used to stab Plaintiff. *Id.* at 12. After the stabbing, Plaintiff claims he was denied medical

---

[2] The nature of the alleged extortion attempt, *i.e.*, financial or other considerations, by other inmates is not in the record.
[3] Plaintiff indicates that he communicated with Defendants, leading up to this stabbing, during the period of April through June 2012; however, no specific date of the stabbing has been alleged by Plaintiff. Some exhibits Plaintiff filed with his complaint are dated February 8, 2012. Because Plaintiff refers to only one stabbing at issue, references to the stabbing incident are to the stabbing, regardless of when the stabbing occurred.

3

attention by Bunnell. *Id.* at 9. Plaintiff states that after two hours another inmate, Troy Harris ("Harris"), who gave a statement about the stabbing incident,[4] summoned Taylor for medical attention. *Id.* Plaintiff was brought to an outside hospital, where he stayed for six days.[5] *Id.* at 12.

Upon his return to Elmira, Plaintiff was placed in disciplinary housing by Defendant C.O. Staight ("Staight"), in response to Plaintiff's accusation that Morris provided inmates with the weapons used to attack Plaintiff. Amended Complaint at 9. While in disciplinary housing Plaintiff was denied food, showers, and legal mail. *Id.* Plaintiff informed Chappius, Wenderlich, Defendant C.O. Diego ("Diego"), and Youmans about the deprivation, but no action was taken to remedy the deprivation. Amended Complaint at 11. Plaintiff was then transferred to Southport, where Defendant C.O. Miller ("Miller") brought him legal mail and delivered Plaintiff's property, but trial transcripts, a television, and Plaintiff's copy of the Quran were missing, for which Plaintiff filed grievances. *Id.*

Plaintiff alleges that he was continuously held in disciplinary housing in retaliation for filing grievances. Amended Complaint at 13. Further, inmates continuously cut, stabbed, and threw feces at Plaintiff, which Plaintiff attributes to Defendants informing other inmates about the nature of Plaintiff's criminal conviction. *Id.* Plaintiff also claims he suffered other civil rights violations while housed at DOCCS's at Attica (2003), Clinton (2007), Wende (2010), Chemung (2011), and Auburn[6] facilities. *Id.*

---

[4] The identity of the person whom Harris gave the statement is not in the record.
[5] The dates of Plaintiff's hospitalization are not in the record.
[6] The date of the alleged Auburn violation is not in the record.

Plaintiff claims Defendants Chappius, Wendelich, Diego, and Youmans violated his Eighth Amendment rights by refusing to provide Plaintiff protection and failing to respond to notices of threats, Defendants Morris, Bunnel, Taylor, and Staight violated Plaintiff's Fourteenth Amendment rights by placing him in disciplinary housing for filing grievances and depriving him of his legal work, and Defendants Morris, Taylor, and Staight violated Plaintiff's Eighth Amendment rights by providing weapons to inmates, used to attack Plaintiff. Amended Complaint at 13.

Plaintiff filed a Motion for Joinder (Doc. No. 36) on December 2, 2013, to which Defendants submitted a Memorandum in Opposition (Doc. No. 44) on January 3, 2014. Plaintiff filed four Motions to Compel dated December 5, 2013 (Doc. Nos. 37, 39, 40, and 41), in response to which Defendants filed the Memorandum in Opposition of [sic] Plaintiff's Motions to Compel (Doc. No. 46) on January 6, 2013. Plaintiff filed a response to Defendants Memorandum on January 22, 2014. Plaintiff filed a Motion to Amend and Compel (Doc. No. 38) on December 5, 2013, to which Defendants filed a Memorandum in Opposition (Doc. No. 45) on January 3, 2013. Plaintiff also filed Motions for Discovery (Doc. No. 47) on January 10, 2014, to Appoint Counsel (Doc. No. 48) on January 10, 2014, and a Letter Motion for Discovery (Doc. No. 50) on February 14, 2014, to which Defendants have not filed responses.

Based on the following, Plaintiff's Motion for Joinder (Doc. No. 36) is GRANTED in part and DENIED in part; Plaintiff's Motions to Compel (Doc. Nos. 37, 38, 39, 40, 41, 47,and 50) are DENIED; Plaintiff's Motion to Amend (Doc. No. 38) is DENIED; and Plaintiff's Motion to Appoint Counsel (Doc. No. 48) is DENIED.

5

**DISCUSSION**

**1. Motion for Joinder**

Plaintiff filed a motion seeking permissive joinder under Rule 20 of six additional parties, who are current or former DOCCS employees. Plaintiff's Motion for Joinder (Doc. No. 36) ¶ 2. The parties Plaintiff wishes to add as defendants include: C.O. M. Hill ("Hill"), Nurse B. Furco ("Furco"), and Doctor D. Gage ("Dr. Gage"), all employed Sing Sing Correctional Facility ("Sing Sing"); Corrections Sergeant Jeffrey Powers ("Powers") at Elmira; Inmate Grievance Supervisor William Abrunzo ("Abrunzo") at Albany Central Office of DOCCS; and Acting DOCCS Commissioner Anthony Annucci ("Annucci"). *Id.* The claims Plaintiff seeks to allege against the proposed defendants include that Powers was made aware of the dangers Plaintiff faced, prior to the alleged stabbing incident at Elmira, yet failed to protect Plaintiff; Abrunzo failed to ensure grievances relative to the stabbing incident were filed and that Annucci failed to intervene or mitigate conditions affecting Plaintiff, resulting in the stabbing incident; Hill, as a female DOCCS employee, violated procedures established for searching male Muslim inmates by conducting a body search of Plaintiff, despite being aware that Plaintiff is a Muslim; and that Furco and Dr. Gage denied Plaintiff medical assistance and confiscated a cane Plaintiff needed to walk. *Id.* Plaintiff makes no attempt in his Motion for Joinder (Doc. No. 36), at amending the pending claims in his Amended Complaint.

Under Fed. R. Civ. P. 20, Plaintiff may join Defendants into one action if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence or series of occurrences" and if "any question of law or fact common to all defendants will arise in the action." Both elements must be met for

joinder to be proper. *Barnhart v. Town of Parma*, 252 F.R.D. 156, 159 (W.D.N.Y. 2008) (showing that joinder is improper unless both elements are established). While the requirements are to be interpreted liberally, all of the requirements of the rule must still be met and constrain the court's discretion. *Id.* (discussing the broad discretion of the court under Rule 20). In determining whether claims arise out of the same "transaction" or "occurrence" under Rule 20, "courts are to look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Id* at 160. Plaintiff bears the burden of demonstrating that joinder is proper under Rule 20. *Id.*

Preliminarily, the court observes that Plaintiff seeks to assert new claims against those whom the Plaintiff seeks to join as defendants. As such, the court construes the motion to join pursuant to Fed.R.Civ.P. 15 pertaining to motions to amend. Generally, leave to file an amended complaint should be freely granted. *Randolph v. Lindsay*, 837 F. Supp.2d 160, 161 (W.D.N.Y. 2011). Where, however, as here, Plaintiff failed to file a proposed amended complaint setting forth the present claims against the named defendants, as required by Rule 15(a) of the Local Rules of Civil Procedure – W.D.N.Y., as well as the additional claims Plaintiff seeks to assert against the proposed Defendants, "a movant's failure to submit a proposed amended complaint constitutes sufficient grounds to deny a motion to amend." *Murray v. New York*, 604 F.Supp.2d 581, 588 (W.D.N.Y. 2009) (citing *LaBarbara v. Ferran Enterprises Inc.*, 2009 WL 367611, at *3 (E.D.N.Y. Feb. 10, 2009) ("In order to meet the requirements of particularity in a motion to amend, a complete copy of the proposed amended complaint must

accompany the motion so that both the court and the opposing party can understand the exact changes sought.")). Where, however, "the movant's papers adequately explain the basis for, and nature of, the proposed amendment, [ ], the failure to attach a proposed amended complaint to the motion is not necessarily fatal." *Murray*, 604 F.Supp.2d at 588. Nevertheless, in light of Plaintiff's *pro se* status, and given that the trial court has discretion whether to deny the motion for such failure, *id.* Plaintiff's failure to attach the proposed amended complaint is not fatal.

Plaintiff has not shown, for five of the six proposed defendants, that the relief requested arises out of the same transaction and occurrences, or that it shares common questions of law and fact. Specifically, the medical indifference claims Plaintiff seeks against Furco and Dr. Gage are based on actions at Sing Sing; and, therefore, neither present a common issue of law or fact nor arise out of the same stabbing incident at Elmira alleged in the Complaint. Similarly, the religious freedom-based claim Plaintiff seeks to assert against Hill also arose out of actions at Sing Sing, and, thus, presents no issue of law or fact common to the stabbing incident alleged in the Complaint. Insofar as Plaintiff seeks to add Annucci as a defendant, because Annucci did not take the post of Acting Commissioner until May 2013, well after the stabbing incident alleged in the Amended Complaint, Plaintiff's proposed claim that Annucci was aware of the facts and circumstances and failed to intervene is unfounded on its face.

Plaintiff also seeks to assert a claim that Abrunzo failed to ensure that Plaintiff's grievances in relation to the claimed incident were correctly filed. This proposed claim, however, should be denied as futile because grievance procedures are voluntarily provided by states, and are not constitutionally required. *See Lewis v. Zon,* 920

F.Supp.2d 379, 383 n.1 (W.D.N.Y. 2013) (citing *Pine v. Seally*, 2011 WL 856426, at *8 (N.D.N.Y. Feb. 4, 2001) ("[t]he law is well-settled that inmates do not have a constitutional right to grievance procedures.")). *See also John Hancock Mut. Life Ins. Co. v. Amerford Intern. Corp.*, 22 F.3d 458, 462 (2nd Cir. 1994) (denying motion to amend where claim sought to be alleged is futile). Therefore, Plaintiff's motion for joinder with regards to Furco, Dr. Gage, Hill, Annucci, and Abrunzo is DENIED.

The claim Plaintiff seeks to allege against Powers, *i.e.*, that Powers knew of the threats against Plaintiff prior to the stabbing incident and failed to intervene, suggests it arises out of a common issue of law or fact from the same stabbing incident alleged in the complaint. Although Plaintiff's failure to provide an amended complaint in conjunction with the Motion for Joinder renders the court unable to determine the precise allegations Plaintiff seeks to assert against Powers, Plaintiff's failure to attach the proposed amended complaint is not fatal here, because the basis and nature of the allegation is clear from Plaintiff's motion. *See Murray*, 604 F.Supp.2d at 588 (stating that the failure to file the complaint with the motion is not fatal when it is clear what the movant seeks to add). Plaintiff will be given an opportunity to file an amended complaint to support the relief requested in the Motion for Joinder (Doc. No. 36).

Plaintiff's Motion for Joinder (Doc. No. 36) with regards to Sergeant Jeffery Powers is GRANTED; Plaintiff is directed to submit the Second Amended Complaint to the Clerk of the Court who shall file the Second Amended Complaint, and cause the U.S. Marshals to serve copies of the Second Amended Complaint upon the named defendants.

**2. Motions to Compel**

Plaintiff has filed six Motions to Compel (Doc. Nos. 37, 39, 40, 41, 47, and 50), seeking to compel medical records, an inmate grievance report, trial transcripts, stabbing incident papers, photographs, and statements (Doc. No. 37); medical records (Doc. No. 39); medical records, employee lists from Elmira and Sing Sing, photographs or videotapes from each physical confrontation Plaintiff was involved in while incarcerated, each statement filed in regard to the stabbing incident, and colored photographs of each facility where Plaintiff has been housed while incarcerated (Doc. No. 40); medical records, a deposition of the Defendants' attorney, and the names, prisoner numbers, and pictures of each of the inmates involved in the stabbing incident (Doc. No. 41); each Defendant's background history for the past ten years and all grievances filed against each Defendant while employed by DOCCS, photographs from alleged physical confrontations occurring on June 8, 2012, July 7, 2005, May 25, 2003, October 13, 2008, and one from Wende Correctional Facility[7], all grievances Plaintiff has filed while incarcerated and in DOCCS custody, names and statements from each of Defendants' proposed witnesses, Plaintiff's medical records, pictures of each facility in which Plaintiff has been housed while incarcerated, any injury responses for each facility where Plaintiff has been housed, the number of lawsuits filed against each Defendant, and Plaintiff's property allegedly misplaced when Plaintiff was moved from Elmira to Sing Sing (Doc. No. 47); and, lastly, pictures of the inside of G-Block, including

---

[7] The date of the alleged physical confrontation at Wende Correctional facility is not in the record.

his cell, cells 7-14, the shower area, and the area where the officer's sit (Doc. No. 50).[8] Additionally, Plaintiff asks the undersigned to re-send the missing page of the "Crime and Sentence" that Plaintiff maintains the undersigned sent at an earlier date. *Id.* Importantly, Plaintiff has not served any formal discovery requests on Defendants.

It is basic that a party seeking to compel discovery must first serve formal discovery demands. *Orraca v. Washborn*, 2011 WL 4352716, at *1 (W.D.N.Y. Sept. 15, 2011) ("In the absence of proof of demands actually being served upon defendants, a motion to compel [defendants'] response is premature."). Because Plaintiff, in the instant case, has yet to serve Defendants with any formal discovery requests, Plaintiff's motions to compel responses are thereby premature. If after Plaintiff serves formal discovery, Defendants fail to produce timely responses, Plaintiff may refile his Motions to Compel (Doc. Nos. 37, 39, 40, 41, 47, and 50) to the extent necessary. Therefore, each of Plaintiff's Motions to Compel (Doc. Nos. 37, 39, 40, 41, 47, and 50) are DENIED, without prejudice, with regard to filing future motions to compel, in the event Defendants fail to respond to properly served discovery demands.

Plaintiff additionally seeks relief in the form of prosecuting the inmates involved in the stabbing incident. Plaintiff's Motion to Compel (Doc. No. 41). However this court is without any authority to commence a criminal prosecution against other inmates and should seek relief with the District Attorney of Chemung county, who would have jurisdiction over the Plaintiff's accusations. *See United States v. Stewart*, 590 F.3d 93, 184 n. 20 (2d Cir. 2009) (acknowledging separation of powers "confers prosecutorial

---

[8] Although Plaintiff does not specify at which correctional facility these areas referenced in Doc. No. 50 are located, the context of the request and the facts of this action strongly indicate they are located at the DOCCS facility at Elmira, located in Chemung County.

authority exclusively on the executive branch and narrowly limits judicial inquiry into the exercise of that authority." (citing *Harlan Associates v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001))). Therefore, Plaintiff's Motion to Compel, with regard to prosecuting inmates is DENIED.

### 3. Motion to Amend and Motion to Compel

Plaintiff filed a motion (Doc. No. 38) to amend, seeking to add Dr. Alam, Dr. Gage, Furco, Hill, and Sergeant E. Kasper ("Kasper"), all employees at Sing Sing, "3 more at Sing Sing", "N-John", and Annucci as Defendants. As to Dr. Gage, Furco, Hill, and Annucci, Plaintiff seeks, in the instant motion, to add essentially the same claims he sought to add against the same proposed defendants in his earlier motion to amend, *i.e.*, Doc. No. 36, Discussion, *supra*, at 5-7. For the same reasons that the earlier motion to amend was denied, *i.e.*, because the proposed claims do not involve common questions of law or fact, do not arise out of the same occurrence, or are futile, the instant motion to amend, Doc. No. 38, is also DENIED as to Dr. Gage, Furco, Hill, and Annucci.

With respect to Dr. Alam, "3 more at Sing Sing", and "N-John", Plaintiff fails to specify the claim for relief he seeks to assert against each proposed defendant. Additionally, Plaintiff failed to submit an amended complaint stating the claims he seeks to assert against each of the proposed defendants. As discussed, Discussion *supra*, at 6-7, where "the movant's papers adequately explain the basis for, and nature of, the proposed amendment, [ ], the failure to attach a proposed amended complaint to the motion is not necessarily fatal." *Murray*, 604 F.Supp.2d at 588. Here, the court finds Plaintiff's assertions against each of the proposed defendants are ambiguous and, thus,

12

are not within the exception to the required filing of a proposed amended complaint. Therefore, Plaintiff's Motion to Amend (Doc. No. 38) with respect to Dr. Alam, "3 more at Sing Sing", and "N-John" is DENIED.

Additionally, Plaintiff moves to compel the discovery of the Sing Sing Employee List. Plaintiff previously requested the Employee List from Sing Sing prison through the use of a FOIL request; however, neither Sing Sing nor DOCCS is a party in this case. Additionally, as discussed above, Discussion, supra, at 10, Plaintiff has not served Defendants with formal discovery requests. For these reasons, Plaintiff's Motion to Compel (Doc. No. 38) is DENIED.

**4. Motion to Appoint Counsel**

Plaintiff requests the court appoint an attorney to aid the Plaintiff in the prosecution of his case. Plaintiff's Motion to Appoint Counsel (Doc. No. 48). There is no constitutional right to appointment of counsel for litigants in civil cases. *Cooper v. Sargenti Co.*, 877 F.2d 170, 172-74 (2d Cir. 1989). District courts, nevertheless, have broad discretion in deciding whether to appoint counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). *See also* 28 U.S.C. § 1915(e)(1) (providing district courts may "request an attorney to represent any person unable to afford counsel.").

The court's first inquiry is whether Plaintiff can afford to obtain counsel. *Termite Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (before the court is required to make any other determination on a motion for appointment of counsel, the court "must ascertain whether the litigant is able to afford or otherwise obtain counsel."). The same factors supporting *in forma pauperis* status will also establish indigence for appointment of counsel. *See Holmes v. Fischer*, 2013 WL 3187083 at *13 (W.D.N.Y.

June 20, 2013)(citing *Thomas v. Kelly*, 2007 WL 958533, at *1 (S.D.N.Y. Mar. 28, 2007) ("The indigence requirement is met insofar as the same factors considered in granting [Plaintiff] permission to proceed *in forma pauperis* establish [Plaintiff's] inability to afford counsel.")). In the instant case, the court granted Plaintiff's request for permission to proceed *in forma pauperis* on April 19, 2013 (Doc. No. 5); therefore, Plaintiff also qualifies for purposes of qualifying for appointment of counsel.

The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge*, 802 F.2d at 58. No single factor is controlling in a particular case; rather, "each case must be decided on its own facts." *Hodge*, 802 F.2d at 61.

The court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an underserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper*, 877 F.2d at 172. Therefore, the court must look to the "likelihood of merit" of the underlying dispute, *id.* at 174, and "even though a claim may not be characterized as frivolous, counsel should not be

appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit). The court has reviewed the facts presented herein in light of the factors required by law.  Based on this review, the lack of strong specifics indicate Plaintiff's claims lack likelihood of success.  Plaintiff's motion for appointment of counsel is therefore DENIED without prejudice, and it is the Plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*, 28 U.S.C. § 1654.

**<u>CONCLUSION</u>**

Based on the foregoing, Plaintiff's Motion for Joinder (Doc. No. 36) is GRANTED in part and DENIED in part; Plaintiff's Motion to Compel (Doc. No. 37) is DENIED; Plaintiff's Motion to Amend and Motion to Compel (Doc. No. 38) is DENIED; Plaintiff's Motion to Compel (Doc. No. 39) is DENIED; Plaintiff's Motion to Compel Discovery (Doc. No. 40) is DENIED; Plaintiff's Motion to Compel (Doc. No. 41) is DENIED; Plaintiff's Motion for Discovery (Doc. No. 47) is DENIED; Plaintiff's Motion to Appoint Counsel (Doc. No. 48) is DENIED; and Plaintiff's Letter Motion for Discovery (Doc. No. 50) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   May 5, 2014
         Buffalo, New York

**Any appeal of this Decision and Order must be taken to by filing a notice of appeal with the Clerk of Court within 14 days of the filing of this Decision and Order pursuant to Fed. R. Civ. P. 72(a).**