UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARL BROWN,

                      Plaintiff,

           v.

PAUL CHAPPIUS, JR., CRAIG DIEGO,
STEPHEN WENDERLICH, PAUL YOUMANS,
JAMEY MORRIS, JEREMY TAYLOR,
DANIEL STAIGHT, and KIRBY BUNNELL,

                      Defendants.
_____

DECISION
and
ORDER

13-CV-00105A(F)

APPEARANCES:        CARL BROWN, *Pro Se*
                          01-A-0717
                          Great Meadow Correctional Facility
                          Box 51
                          Comstock, New York  12821-0051

                          ERIC T. SCHNEIDERMAN
                          New York State Attorney General
                          Attorney for Defendants
                          KATHLEEN M. KACZOR
                          Assistant Attorney General, of Counsel
                          350 Main Street
                          Suite 300A
                          Buffalo, New York  14202

## **JURISDICTION**

This case was referred to the undersigned by Honorable Richard J. Arcara on October 14, 2014, for all pretrial matters. The matter is presently before the undersigned on Plaintiff's motions for a hearing and injunctive relief filed August 9, 2013, (Doc. No. 20), and for assignment of counsel and to compel discovery filed November 13, 2014 (Doc. No. 88).

# BACKGROUND and FACTS[1]

Plaintiff Carl Brown ("Plaintiff"), proceeding *pro se*, commenced this civil rights action on February 5, 2013, alleging that while incarcerated at Elmira Correctional Facility ("Elmira"), Defendants, all employees of New York State Department of Corrections and Community Supervision ("DOCCS"), violated his constitutional rights under the Eighth and Fourteenth Amendments. Plaintiff particularly alleges Defendants failed to respond to Plaintiff's assertions of threats, grievances, and claims of lost trial transcript and personal property, provided inmates with weapons used to attack Plaintiff, and refused to protect Plaintiff from the attack. Since commencing this action, Plaintiff has been transferred from Elmira to Southport Correctional Facility ("Southport"), then Sing Sing Correctional Facility ("Sing Sing"), and is presently housed at Great Meadow Correctional Facility ("Great Meadow").

On August 9, 2013, Plaintiff filed a motion for an injunction (Doc. No. 20) ("Injunction Motion"), seeking relief against unnamed corrections officers at Sing Sing Correctional Facility. On September 23, 2013, Defendants filed Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for an Injunction (Doc. No. 28) ("Injunction Motion Response"). Plaintiff has not argued in further support of the requested injunction. On November 13, 2014, Plaintiff filed a motion for appointment of counsel (Doc. No. 88) ("Motion for Counsel"), attaching a motion to compel discovery ("Discovery Motion"). Defendants have not responded in opposition to the Discovery Motion. Oral argument was deemed unnecessary.

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

Based on the following, the Injunction Motion is DISMISSED as moot; the Motion for Counsel is DENIED; and the Discovery Motion is DISMISSED as moot in part and DENIED in part.

**DISCUSSION**

**1.     Motion for Injunction**

Plaintiff filed his Motion for Injunction while incarcerated at Sing Sing Correctional Facility complaining that at Sing Sing, various unnamed DOCCS employees subjected him to verbal harassment and denied Plaintiff his constitutional right to practice his religion.  Motion for Injunction at 1.  In opposition, Defendants argue Plaintiff seeks injunctive relief as to unnamed persons at Sing Sing who are not named as Defendants in this action, Injunction Motion Response at 1, Plaintiff's transfer from Elmira to another correctional facility has rendered moot any claim for injunctive relief relative to the claims asserted in his Complaint, *id.*, and Plaintiff's sparse, single page motion fails to provide the requisite evidence of actual, imminent danger for injunctive relief.  *Id.*

A plain and thorough reading of the Injunction Motion establishes Plaintiff is seeking injunctive relief against numerous wrongs he maintains he has endured at various correctional facilities, including Sing Sing, Southport, and Auburn Correctional Facility.  Plaintiff's Complaint, however, is asserted against only DOCCS employees at Elmira.  Significantly, it is fundamental that the person against whom injunctive relief is sought be a party or a person in privity with the parties to the underlying action.  *See* Fed.R.Civ.P. 65(d)(2) (injunctive relief available against parties, officers, agents, servants, employees, and attorneys and persons in active concert or participation with same); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir.

1999) (Rule 65(d)(2) prohibits court from enjoining nonparties to federal action from prosecuting their own state court actions against same defendant to federal action where nonparties were not alleged to have aided and abetted defendants).

Accordingly, inasmuch as Plaintiff seeks injunctive relief against a non-party, such relief is not available. Fed.R.Civ.P. 65(d)(2); *Doctor's Associates, Inc.*, 191 F.3d at 302-03. Furthermore, "[i]t is well settled in this [Second] Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility." *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (citing *Young v. Coughlin*, 866 F.2d 567, 568 n. 1 (2d Cir.), *cert. denied*, 492 U.S. 909 (1989)). *See also Day v. Chaplin*, 354 Fed.Appx. 472, 473-74 (2d Cir. Nov. 25, 2009) (affirming district court's dismissal of inmate plaintiff's motion for injunctive relief as moot based on plaintiff's transfer from correctional facility where plaintiff sustained the treatment against which such injunctive relief was sought). Accordingly, insofar as Plaintiff's Injunction Motion can be construed as seeking injunctive relief for wrongs at Elmira, upon Plaintiff's transfer from Elmira to Southport, then Sing Sing and now Great Meadow such that Plaintiff is no longer incarcerated at Elmira, Plaintiff cannot obtain injunctive relief relative to Elmira and Plaintiff's Motion for Injunctive Relief is DISMISSED as moot.

**2.    Motion for Counsel**

Plaintiff has applied to the Court for appointment of counsel pursuant to 28 U.S.C. § 1915(e) (Doc. No. 88). Although there is no constitutional right to appointed counsel in civil cases, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is

4

clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).

The factors to be considered in deciding whether or not to assign counsel include:

>1.  Whether the indigent's claims seem likely to be of substance;
>
>2.  Whether the indigent is able to investigate the crucial facts concerning his claim;
>
>3.  Whether the conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
>4.  Whether the legal issues involved are complex; and
>
>5.  Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."  *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute.  *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor."  *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law.  Based on this review, Plaintiff's motion for appointment of counsel is DENIED

without prejudice at this time. It is Plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**3.     Motion to Compel**

Attached to Plaintiff's Motion for Counsel is a Motion to Compel seeking to compel Defendants' answer to interrogatories and production of documents Plaintiff asserts were submitted on April 11, 2014, but to which Plaintiff maintains Defendants have yet to respond. Motion to Compel at 1. Defendants have not responded in opposition to this motion which, nevertheless, is DISMISSED as moot for several reasons.

First, answers to Plaintiff's interrogatories were filed by Defendant on February 28, 2014 (Doc. No. 51 – Youmans; Doc. No. 52 – Wenderlich), March 7, 2014 (Doc. No. 55 – Morris; Doc. No. 56 – Diego; Doc. No. 57 – Bunnell; and Doc. No. 58 – Taylor), and March 10, 2014 (Doc. No. 59 – Chappius; Doc. No. 60 – Staight). The "interrogatories" to which Plaintiff refers in his Motion to Compel as being numbered 1 through 40 and "submitted . . . pursuant to Rule 36 of the Federal Rules of Civil Procedure on April 11, 2014," Motion to Compel at 1, are actually "Requests for Admissions" which the action's docket indicates were filed on April 28, 2014 (Doc. No. 62), and for which Defendants provided answers on May 22, 2014 (Doc. No. 67). Accordingly, such interrogatories have been answered and the Motion to Compel is DISMISSED as moot as to them.

Second, insofar as Plaintiff maintains Defendant have failed to produce for inspection and copying several documents, including pictures from G-Block Gallery Shower and Plaintiff's G-Block cell at Elmira, all pictures of Plaintiff's cell in G-Block at

6

Elmira; all pictures of "the medical procedure at Elmira," and transcripts of "the last phone conference," Motion to Compel at 1-2, Plaintiff has failed to serve formal discovery demands requesting such materials. *Orraca v. Washborn*, 2011 WL 4352716, at * 1 (W.D.N.Y. Sept. 15, 2011) ("In the absence of proof of demands actually being served upon defendants, a motion to compel [defendants'] response is premature). Because the record fails to demonstrate that Plaintiff served formal discovery requests for these documents,[2] the Motion to Compel Defendants' response to such requests is DENIED.

## CONCLUSION

Plaintiff's motion for injunctive relief (Doc. No. 20) is DISMISSED as moot; Plaintiff's motion for appointment of counsel (Doc. No. 88), is DENIED; and Plaintiff's motion to compel (Doc. No. 88) is DISMISSED as moot in part and DENIED in part. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 10, 2015
Buffalo, New York

**Plaintiff is advised that any appeal of this Decision and Order must be taken by filing written objection with the Clerk of the Court not later than 14 days after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).**

---

[2] Despite Plaintiff's assertion that on April 11, 2014, he submitted a written request for these documents, "excluding the phone transcripts," Motion to Compel at 2, the docket does not show any such written request was ever made.

7